*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0293**

State of Minnesota,
Respondent,

vs.

Katherine Ann Clark,
Appellant

**Filed September 8, 2014
Affirmed
Worke, Judge**

Dodge County District Court
File No. 20-K7-04-000200

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Paul Kiltinen, Dodge County Attorney, Mantorville, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Worke, Judge; and Rodenberg, Judge.

# UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges probation revocation, arguing that the district court abused its discretion because the need for confinement did not outweigh the policies favoring

probation, and that remand is necessary because the district court's findings are inadequate and contrary to the evidence. We affirm.

## D E C I S I O N

We review the district court's probation-revocation decision for an abuse of discretion. *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980). The district court's findings are reviewed for clear error. *State v. Ray*, 659 N.W.2d 736, 742 (Minn. 2003).

Before revoking an offender's probation, the district court "must 1) designate the specific condition or conditions that were violated; 2) find that the violation was intentional or inexcusable; and 3) find that need for confinement outweighs the policies favoring probation." *Austin*, 295 N.W.2d at 250. The district court must "create [a] thorough, fact-specific record[] setting forth [its] reasons for revoking probation." *State v. Modtland*, 695 N.W.2d 602, 608 (Minn. 2005). The supreme court emphasized that

> in making the three *Austin* findings, courts are not charged with merely conforming to procedural requirements; rather, courts must seek to convey their substantive reasons for revocation and the evidence relied upon. . . . [C]ourts should not assume that they have satisfied *Austin* by reciting the three factors and offering general, non-specific reasons for revocation, as it is not the role of appellate courts to scour the record to determine if sufficient evidence exists to support the district court's revocation.

*Id.*

Appellant Katherine Ann Clark pleaded guilty to first-degree controlled substance crime in 2006; the district court stayed adjudication and placed her on probation for 15 years with various conditions, including that she maintain contact with her probation officer and refrain from using or possessing alcohol or illegal drugs. After her third

probation violation, the district court imposed a 49-month sentence but stayed execution on condition that she complete treatment and abstain from using illegal drugs or abusing prescription drugs.

On this violation, her fourth, the district court bifurcated the revocation hearing; at the first hearing on November 13, 2013, Clark admitted that she had failed to maintain contact with her probation officer and that she had abused a prescription medication. She acknowledged that she had no legal excuse for violating the conditions of probation. Based on these admissions, the district court found that she had violated specific conditions of her probation and that the violations were "intentional, willful, and inexcusable." This satisfies the first two *Austin* factors and the district court's comments on the record are sufficient for the written-findings requirement. *See id.*, n.4 (stating that "[t]he 'written findings' requirement is satisfied by the district court stating its findings and reasons on the record").

The district court convened a second hearing on the sole issue of whether the third *Austin* factor, the need for confinement outweighs the policies favoring probation, was satisfied. Thus, the entire hearing involved consideration of this issue, with Clark's attorney emphasizing the policies for continuing probation and the state asserting the need for confinement. The district court also asked questions to clarify the parties' positions. At the conclusion of the presentation, the district court commented, "I will make the requisite findings that the need for incarceration outweighs any benefits of a probationary sentence. To not execute at this juncture will be to unduly depreciate the seriousness of the original offense, which should have been a commit in the first place."

3

The district court added, "And lastly, I will make the requisite finding that [Clark] exhausted all community resources." Although the district court recited that not executing Clark's sentence would unduly depreciate the seriousness of the original offense, rather than the violation, it is clear to us that the district court made an adequate, fact-specific statement that demonstrates that the district court considered the third *Austin* factor. The district court's statements on the record satisfy the written-findings requirement. The district court did not abuse its discretion by revoking Clark's probation.

Clark argues that the district court improperly inquired into her religious affiliation because her proposed treatment program has a religious orientation. There is no indication that the district court considered Clark's religious affiliation in reaching its decision and, in any event, Clark admits that religious affiliation is not a prerequisite to acceptance into the program.

**Affirmed.**